UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, # 267009,

       Petitioner,

v.                                     Case No. 11-CV-12765
                                       Honorable Lawrence P. Zatkoff

CARMEN PALMER,

       Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

     This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Derrick Lee Smith, ("Petitioner"), currently confined at the Michigan Reformatory in Ionia, Michigan, filed this *pro se* habeas petition, "seeking an answer to a federal question." Petition, 1. Pursuant to the Michigan Department of Corrections's website, Petitioner pleaded no contest to six counts of first-degree criminal sexual conduct and two counts of kidnapping in the Wayne County Circuit Court in 2008. He was sentenced to concurrent prison terms of twenty-two years, six months to seventy-five years for those convictions. For the reasons stated below, the Court will dismiss the petition. The Court also will decline to issue Petitioner a certificate of appealability.

     The Court first notes that, on March 16, 2010, Petitioner filed a previous habeas petition with this District Court, which remains pending before The Honorable John Corbett

O'Meara. *See Smith v. Ludwick*, No. 10-cv-11052. A decision has not yet been rendered in that case.

Furthermore, to the extent that Petitioner is asking this Court for legal advice with regard to this petition or any other matter, it is both inappropriate and impractical for this Court to render such advice to a party. *See In re Nicole Energy Servs., Inc.*, 423 B.R. 840, 847 (Bankr.S.D. Ohio Feb. 25, 2010) ("The Court is not permitted to give legal advice to any party, represented or not."); *Aladimi v. Grant Cty. Det. Ctr.*, No. 09-CV-168-WOB, 2010 WL 399107, at *5 (E.D. Ky. Jan. 27, 2010) ("Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions. Neither the Court, nor its administrative staff, are empowered either to dispense legal advice to parties, or to practice their case on their behalf.") (citations omitted); *Burke v. Morgan*, No. 06-CV-348-JMH, 2009 WL 1598420, at *4 (E.D. Ky. June 4, 2009) ("Specific federal rules govern the discovery process in federal courts. The Court is not empowered either to dispense legal advice to parties, or to practice their case on their behalf.") (citations omitted); *Franklin v. Palmer*, No. 04-71235, 2009 WL 426302, at *1 (E.D. Mich. Feb. 20, 2009) ("Petitioner requests information as to 'any avenues for possible relief.' This fairly vague request may be seeking generalized legal advice[,] which the court will not provide."); *Hershey v. Carlson*, No. 1:07-cv-906, 2007 WL 3003172, at *1 (W.D. Mich. Oct. 11, 2007) ("The Court may not provide legal advice to litigants.").

If the Court were to offer advice to a party, then it would effectively abdicate its impartiality by aiding that party's case, potentially at the expense of the opposing party.

Such an impropriety could not be rectified by offering advice to the other side, for that would only entangle the Court further in a role which is inconsistent with its charge as an absolutely neutral tribunal. *See Brown Bark III, L.P. v. Vento*, No. CV 09-1298-PHX-JAT, 2009 WL 2513449, at *2 n.1 (D. Ariz. Aug. 13, 2009) ("The Court should not give a party advice because advice 'would undermine district judges' role as impartial decision makers.'") (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). The ironclad prohibition on courts rendering legal advice to litigants does not change merely because a party elects to proceed *pro se*. As the Supreme Court has stated,

> A [litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course.

*McCaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984).

Accordingly, the Court concludes that it does not render advisory opinions or provide parties with legal advice. Therefore, Petitioner's request for legal advice from the Court is **DISMISSED**. Additionally, the Court **DECLINES** to issue a certificate of appealability with respect to Petitioner's request in his petition. Judgment shall be entered accordingly.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: July 5, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 5, 2011.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290